UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

CLINICA SAN AGUSTIN, INC.

DEBTOR

CASE NUMBER 03-03343- ESL

CHAPTER 7

WIGBERTO LUGO MENDER, Trustee

Plaintiff

v.

ASTRID GUZMAN ABREU, et al.

Defendants

ADVERSARY PROCEEDING NUMBER:

06-0136

## OPINION AND ORDER

This adversary proceeding is before the court upon the motion for judgment on the pleadings filed be the defendants pursuant to Rule 7012(c) of the Fed. R. Bankr. P., on the ground that the complaint fails to plead with sufficient particularity the allegations of fraud, as is required by Rule 7009(b) of the Fed. R. Bankr. P. Plaintiff has opposed the motion for judgment on the pleadings alleging that the motion is premature since the pleadings have not closed, there is subject matter and personal jurisdiction over the controversy, that the allegations do plead with sufficient particularity the fraud claim for relief, and, in any event, the complaint may be amended.

## The Complaint

The trustee for the estate of Clinica San Agustín has filed an action praying that defendants be ordered to jointly pay to the estate an amount of no less than $513,894.85 as damages caused for their tortious, fraudulent and negligent acts. Plaintiff further prays for the piercing of the corporate veil and declare all defendants liable for the debts of debtor Clinica San Agustín.

Plaintiff invokes the jurisdiction of this court under 28 U.S.C. 157 and 1334. The adversary

- 2 -

proceeding is brought under sections 704,362,542,543,544,547,548, 549 and 550 of the Bankruptcy Code. The adversary proceeding is allegedly a core proceeding under 28 U.S.C. 157(b)(2).

The parties moving for judgment on the pleadings are officers and/or directors of the debtor corporation. The parties are sued in their official and personal capacity, including their respective spouses and their conjugal societies.

The complaint includes amongst the facts common to all causes of action (claims for relief) the following[1]:

1. "Defendants performed their functions negligently, to the detriment of debtor, and breached their fiduciary duty towards debtor, stripping it of any assets, draining the financial resources, failing to respond to its obligations, and afterwards not performing their functions regarding the management and economic well being of debtor in a diligent manner, not executing documents regarding debtor properly, and leaving it with claims of no less than $513,894.85, and leaving the trustee with little or no useful information regarding debtor, its assets, its accounting or its operations."

2. "The principal fraud consisted in draining the financial resources of Clinica San Agustín to the detriment of its creditors."

3. "Clinica San Agustín never had, as a matter of fact, an adequate capital structure. . . . Its corporate files are null, nonexistent or inadequate."

4. Defendants "never observed the corporate formalities of the corporation, such as holding meetings of the board of directors and of the stockholders or partners. Clinica San Agustín was funded inadequately in the sense of having the capacity to confront their ordinary and foreseeable obligations. That was done on purpose to commit fraud against the creditors."

5. "At all times there was a design and a plan on the part of defendants to fraudulently dispose of the assets of Clinica San Agustín, without paying its creditors, availing themselves of the fiction of the corporate veil."

---

[1]The court has purposely not included allegations based on information and belief. _Wayne Investment, Inc. v. Gulf Oil Corp._, 739 F.2d 11, 14 (1st. Cir. 1984).

- 3 -

Conclusions of Law

A. Jurisdiction

Plaintiff has properly invoked jurisdiction under 28 U.S.C. §1334 as the action affects property of the estate. The claims for relief include matters concerning the administration of the estate, turnover orders, and proceedings affecting the liquidation of the assets of the estate. These are core matters under 28 U.S.C. § 157(b)(2)(A, E, O). The substantive bankruptcy code provisions and the bankruptcy rules are not a jurisdictional basis. However, 28 U.S.C. § 1334 does confer jurisdiction of bankruptcy proceedings.

B. Motion for Judgment on the Pleadings

The basic intent of a motion for judgment on the pleadings under Rule 12(c) of the Fed.R. Civ. P., made applicable to Adversary Proceedings in bankruptcy by Rule 7012(b) of the Fed.R. Bankr. P., is to provide a means for the rapid disposition of cases when the material facts are not in controversy, and only issues of law are pending a decision by the court. Rule 12(c) specifically provides that a motion for judgment on the pleadings may be made at any time after the pleadings are closed. Rule 7(a) of the Fed.R. Civ. P., made applicable to Adversary Proceedings by Rule 7007 of the Fed.R. Bankr. P., provides that there shall be a complaint and an answer. Thus, the pleadings are closed after the answer is filed, and a party may not move for judgment on the pleadings until after an answer is filed. Wright and Miller Federal Practice and Procedure: Civil 3d § 1367.

Since the defendants have not answered the complaint, a motion for judgment on the pleadings is inappropriate at this time.

C. Motion to Dismiss

The moving codefendants pray the court to dismiss the complaint because the same fails to plead with sufficient particularity the allegations of fraud. The court will construe the request as one to dismiss under Rule 7012(b)(6) for failure to comply with Rule 7009.

When considering a motion to dismiss the court must accept as true the allegations of the complaint. A "complaint should not be dismissed if a claim can plausibly be embraced by those allegations." Rodi v. S. New England School of Law, 389 F.3d 5,13 (1st. Cir. 2004). In addition to taking the allegations in the complaint as true, the court will also make all reasonable inferences in

- 4 -

favor of plaintiff. Doran v. Mass Tpk. Auth., 348 F. 3d. 315, 318 (1st. Cir. 2003).

The court will take the allegations in the complaint as true and will make all reasonable inferences in favor of the plaintiff when determining whether the complaint pleads with sufficient particularity the fraud allegations, and, thus, states a claim upon which relief may be granted.

D. Particularity Allegations of Fraud

The Federal Rules of Civil Procedure allow a plaintiff to make general allegations in a complaint pursuant to Rule 8 of the Fed.R. Civ. P., but require more specific pleading where a plaintiff alleges fraud. See Rule 9(b) of the Fed.R. Civ. P. In a general fraud case the plaintiff must state the time, place and content of the false representation. "The major purpose of Rule 9 is to give adequate notice of the plaintiff's claim of fraud." New England Data Services, Inc. v. Becher, 829 F.2d 286, 288 (1st. Cir. 1987). Also, Rule 9 intends to preclude the use of groundless fraud claims to discover a wrong, and "safeguard defendants from frivolous charges which might damage their reputations." Id. at 289.

It is often difficult to plead with specificity a fraud claim when the evidence is in the possession of the defendant, and the court may allow "limited discovery to give a plaintiff an opportunity to develop the claim and amend the complaint." Cordero Hernández v. Hernández Ballesteros, 449 F.3d 240, 244 (1st. Cir. 2006). In this adversary proceeding the defendants are the officers of the debtor corporation. The corporate records are devoid of information regarding the alleged fraudulent actions against the corporation. The one element which is not plead with particularity is the time when the fraudulent action was committed.

The particularity requirement of Rule 9 to allege a fraud claim should be relaxed in the bankruptcy context in an action brought by a Chapter 7 trustee claiming relief on behalf of a debtor corporation for the alleged fraudulent actions of its principals. The trustee is a third party bringing an action against the perpetrators who, according to the allegations of the complaint, failed to keep records to conceal their actions. In re OODC, LLC, 321 B.R. 128 (Bankr. D. Del. 2005); In re APF CO., 274 B.R. 183 (Bankr. D. Del. 2004); In re Everfresh Beverages, Inc., 238 B.R. 558 (Bankr. S.D.N.Y. 1999); Securities Investor Protection Corp. v. Stratton Oakmont, Inc., 234 B.R. 293 (Bankr. S.D.N.Y. 1999).

- 5 -

The facts of this case differ from the scenario in <u>United States v. St. Luke's Hospital, Inc.</u>, 441 F. 3d 552 (8th Cir. 2006), wherein an anesthesiologist brought a qui tam action against the hospital and the chief of anesthesiology under the False Claim Act for submitting false claims. The court declined to relax the particularity pleading requirements for fraud to allow the qui tam relator to conduct discovery. The Eighth Circuit relied in part on the First Circuit decision in <u>United States ex rel. Karvelas v. Melrose-Wakefield Hospital</u>, 360 F.3d 220, 229 (1st. Cir. 2004). In <u>Karvelas</u> the qui tam plaintiff suffered no injury in fact, and the court found that the plaintiff likely filed suit as a pretext to uncover unknown wrongs. In this case the plaintiff is a Chapter 7 trustee filing an action on behalf of the estate and for the benefit of the estate alleging wrongful conducts by the principals and officers of the debtor corporation.

The factual allegations in the complaint go beyond the mere technical aspects of fraud and substantially comply with Official Form 13 as to fraud claims.

After considering the allegations of fact in the complaint as summarized above, that the information needed to plead with more particularity the fraud claim is under the control of the defendants, that the action is on within the bankruptcy context, and that the plaintiff is the Chapter 7 trustee of a debtor corporation, the court finds that the motion to dismiss should be denied.

Conclusion

In view of the foregoing, the motion for judgment on the pleadings is denied as the pleadings have not closed because the complaint has not been answered. To the extent that the motion is one to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted for failure to plead with particularity the fraud claims, the same is hereby denied.

IT IS SO ORDERED.

Dated this ____ of February, 2007, in San Juan, Puerto Rico.

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge